[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION RE: MOTION TO STRIKE
This court denied the defendants Motion to Strike #103 on October 27, 1998 and ruled the "plaintiff has not sued the plumbing contractor and the plumbing contractor is not a CT Page 1522 necessary party to the plaintiffs claim". Thereafter on December 30, 1998 the defendant filed a Motion to Reargue claiming that because of the court's decision, the defendant will be forced to commence another action against the plumbing contractor to satisfy any judgment rendered against it and cites Biro v. Hill,214 Conn. 1 in support of his position. The court agreed to hear re-argument and at the defendants request agreed to permit argument via a telephonic conference call which was held on February 10, 1999. After argument, the court informed the parties that it would reaffirm the previous denial of the Motion to Strike and defendants counsel asked that I further articulate my decision.
These are the basic facts. The plaintiff, general contractor, has sued the defendant home oil delivery company for an oil spill that occurred after an oil delivery at a residential home constructed by the plaintiff. It is the defendant claim that the plumbing subcontractor was to blame for the spill because he incorrectly installed the connecting pipes to or from the oil tank.
As our Supreme Court stated in Biro v. Hill, supra, Pg. 6, a "necessary party" within the meaning of PB Section 10-39(b) is one absolutely required assure a fair and equitable trial. The fact that the plumbing subcontractor may also be liable to the plaintiff does not mean that he is a necessary party. Id. pg. 7. The plaintiff has sued the defendant on the theory that he failed to inspect the "improperly"[1] connected oil tank. The issue in this law suit is `failure to inspect" and not whether the pipes were connected properly. The plaintiff acknowledges that the pipes were improperly connected. "The defendant cannot compel the plaintiff to make others parties to the action" Id. pg. 7. If the plaintiff want to pursue a claim against the plumber he can but obviously he has chosen not to do so. In this action he seeks relief only on a theory of a failure to inspect. The plumber is not a necessary party to this action.
The court will re-affirm its denial of the defendant Motion to Strike.
___________________________ PELLEGRINO, J.